B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Marc Bougie | **DEFENDANTS**<br>Jeffrey R. Livingston |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>David K. Spiro, Esq.<br>Rachel A Greenleaf, Esq.<br>Hirschler Fleischer, P.C., P. O. Box 500, Richmond, VA 23218 | **ATTORNEYS** (If Known)<br>Andrew S. Goldstein, Esq.<br>Magee Goldstein Lasky & Sayers P.C.<br>P. O. Box 404, Roanoke, VA 24003 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Non-dischareability action pursuant to 11 U.S.C. §§ 105 523(a)(2)(A), 523(a)(6), and 523(a)(3)(B)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒[2] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒[3] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 150,000 plus fees, costs and punitive damages |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Jeffrey R. Livingston<br>Nancy L. Livingston | BANKRUPTCY CASE NO.  13-71744 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Virginia | DIVISION OFFICE<br>Roanoke | NAME OF JUDGE<br>Black |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>October 7, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David K. Spiro | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| In re:<br><br>JEFFREY R. AND NANCY L. LIVINGSTON,<br><br>Debtors. | Chapter 7<br>Case No. 13-71744 |
| MARC BOUGIE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY R. LIVINGSTON<br><br>Defendant. | Adversary Proceeding<br>No. 14-_____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

The Plaintiff, Marc Bougie, by counsel, and for his *Complaint to Determine Dischargeability of Debt*, pursuant to sections 105(a), 523(a)(2)(A), 523(a)(6), and 523(a)(3)(B) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") against Jeffrey R. Livingston (the "**Defendant**") states as follows:

David K. Spiro (VSB No. 28152)
Rachel A. Greenleaf (VSB No. 83938)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
E-mail: dspiro@hf-law.com
rgreenleaf@hf-law.com
*Counsel for Marc Bougie*

## Jurisdiction and Parties

1. The Plaintiff is a Canadian citizen residing in Sherbrook, Quebec, Canada.

2. The Defendant is an individual residing in Bluefield Virginia, within Tazewell County.

3. This is an adversary proceeding brought by the Plaintiff, pursuant to sections 523(a)(2)(A), 523(a)(6), and 523(a)(3)(B) of the Bankruptcy Code and Bankruptcy Rules 4007 and 7001.

4. This action is a core proceeding, as defined in 28 U.S.C. § 157(b)(2)(I)

5. The United States Bankruptcy Court for the Western District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Plaintiff is a creditor of Defendant.

7. On October 25, 2013, the Court entered an Order for relief under Chapter 7 of Title 11 of the United States Code.

8. On April 15, 2014, the Court entered an Order granting the Debtor a discharge.

## Factual Background

I. **Factual Background Regarding the Defendant's Failure to List the Plaintiff's Correct Address and to Provide the Plaintiff with Notice of the Defendant's Bankruptcy Filing**

9. The Plaintiff is a Canadian citizen and, at all times during his business dealings with the Defendant, was a Canadian citizen.

10. The Plaintiff has never resided in or ever even been to Tazewell, Virginia.

11. The Plaintiff has never used or maintained a post office box in Tazewell, Virginia and has never received mail in Tazewell, Virginia.

12. The Defendant, at all relevant times, was aware that the Plaintiff was a Canadian citizen and that the Plaintiff never resided in nor received mail in Tazewell, Virginia

13. The Plaintiff was identified to the Defendant through the Plaintiff's attorney, J. Warren Tomlin ("**Attorney Tomlin**"). The Defendant first met with the Plaintiff and Attorney Tomlin in March of 2012, at the Bob Evans Restaurant in Max Meadows, Virginia.[1]

14. The Defendant was aware at all relevant times that Attorney Tomlin was the Plaintiff's attorney and the Defendant had Attorney Tomlin's contact information, including his mailing address, email address, and phone numbers.

15. The Defendant was aware at all relevant times that Attorney Tomlin was the point of contact between the Defendant and the Plaintiff.

16. At the time of the Defendant's bankruptcy filing, a lawsuit was pending against the Defendant and two corporations owned and/or controlled by the Defendant in the Circuit Court of Tazewell County, styled "*Marc Bougie v. Jeffery Livingston, and Premier Ventures, LLC and LivingShield, Inc.*" (the "**State Court Suit**")[2]. The State Court Suit was filed by the Plaintiff on January 2, 2013, almost ten months prior to the Defendant's Chapter 7 filing on October 25, 3013. The Defendant filed an Answer to the State Court Suit on May 9, 2013, by his counsel, George R. Brittain, II, and served the Answer on the Plaintiff's attorney in the State

---

[1] Attorney Tomlin was introduced to the Defendant by a mortgage lender, who at the time was owner of a Century 21 Real Estate agency. The Defendant was invited by the lender to become a Member of the title company of which Attorney Tomlin was the Managing Member. Attorney Tomlin never represented the Defendant or his Companies in any matter, nor was Attorney Tomlin ever an employee, agent, independent contractor, or otherwise a representative of the Defendant or his Companies.

[2] Case No. CL13-4

Court Suit, Attorney Tomlin.[3] Copies of the complaint filed in the State Court Suit and Answer are attached hereto as Exhibits A and B, respectively.

17. When the Defendant filed his Chapter 7 bankruptcy case on October 25, 2013, he listed the Plaintiff as an unsecured creditor and listed his address as "P.O. Box 718, Tazewell, VA 24651".

18. The Defendant did not use the Plaintiff's actual address, even though he had access to it or could have obtained it through minimal due diligence.

19. The Defendant did not schedule Attorney Tomlin in the bankruptcy case as a "notice only" party or use Attorney Tomlin's address as a "in care of" address for the Plaintiff, despite the Defendant's knowledge that (i) Attorney Tomlin was the Plaintiff's general attorney and (ii) Attorney Tomlin was actively representing the Plaintiff in the State Court Suit, which was active and pending at the time of the Defendant's Chapter 7 filing.

20. Notwithstanding the bankruptcy filing, neither the Defendant nor the Defendant's counsel in the State Court Suit filed a "plea in bar," "plea in bankruptcy," "notice of bankruptcy," or any other pleading or notification of the Defendant's Chapter 7 filing.

21. The Plaintiff did not learn of the Defendant's Chapter 7 filing until Attorney Tomlin received a letter from the Defendant's attorney in the State Court Suit, dated July 14, 2014 (more than eighteen months after the filing of the State Court Suit, more than eight months after the Defendant's bankruptcy filing, and almost three months after the entry of the Order discharging the Defendant), advising the Plaintiff's counsel that the Defendant would no longer be responding to discovery requests because the Defendant had filed for bankruptcy.

---

[3] The Answer was filed on behalf of Premier Ventures, LLC.

22. On information and belief, the Defendant used a nonexistent address for the Plaintiff in the bankruptcy filing and failed to notify either the Plaintiff or Attorney Tomlin of the bankruptcy filing in order to get beyond the deadline for the filing of dischargeability complaints and objections to discharge, which was February 4, 2014, or more than five months prior to date of the letter notifying Attorney Tomlin of the Defendant's bankruptcy.

II. **Factual Background Giving Rise to the Non-Dischargeability of the Debt Owed by the Defendant to the Plaintiff**

23. The Plaintiff was approached by the Defendant, acting on his own behalf and on behalf of two companies he owned, LivingShield, Inc. and Premier Ventures, LLC (the "**Companies**"), for solicitation of an investment in the Defendant's business, LivingShield, Inc., which sold appliance service contracts.

24. To induce the Plaintiff to invest, the Defendant made material false, fraudulent, and misleading representations about the financial condition of himself and the Companies, about how the Plaintiff's investment funds would be used, and about the ability of the Defendant and the Companies to return and/or refund the Plaintiff's investment.

25. In reliance on the Defendant's misrepresentations, the Plaintiff entered into an "Agreement and Guarantee" on March 6, 2012, a copy of which is a part of Exhibit A, and invested $100,000 in the Defendant's business via wire transfer.

26. Contrary to the Defendant's representations, the funds invested by the Plaintiff were never deposited into LivingShield, Inc.'s bank account, were not used for the development and operations of LivingShield, Inc., and were not available for return or refunding. Instead, the funds invested by the Plaintiff were employed for the Defendant's personal use.

27. Pursuant to the terms of paragraph two (2) of the Agreement and Guarantee, the Plaintiff requested a refund of his $100,000 investment, together with a $50,000 minimum return (designated in the Agreement and Guarantee as the Plaintiff's "withdrawal option"). Defendant refused and/or was unable to refund the Plaintiff's investment.

## GROUNDS FOR RELIEF

### Count I: § 523(a)(2)(A) – False Pretenses – False Representations and Fraud

28. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 27 as if re-alleged in full in this Count.

29. The Defendant intentionally and fraudulently misrepresented and omitted material facts about the financial condition of the Defendant and the Companies, the use of the invested funds, and the ability of the Defendant and Companies to refund and/or return the invested funds upon demand by the Plaintiff.

30. These misrepresentations were made for the purpose of inducing the Plaintiff to invest with the Defendant.

31. The Plaintiff relied to his detriment on the Defendant's misrepresentations and omissions.

32. As a direct and approximate result of the Plaintiff's reliance on the Defendant's misrepresentations and omissions, the Plaintiff has been damaged by the Defendant and the Companies in an amount in excess of $150,000.00, plus punitive damages.

33. The Defendant made the false representations with the intent to deceive the Plaintiff.

34. The Defendant used the invested funds in whole or in part for his own personal use and benefit.

35. The Defendant made the misrepresentations and omissions with actual malice or gross recklessness.

36. Alternatively, such false representations of material facts and omissions were made by the Defendant negligently, nevertheless with the intent that the Plaintiff would rely thereon.

37. The Plaintiff justifiably and reasonably relied upon such false representations and omissions by the Defendant to his detriment.

38. The Defendant's conduct and actions were willfully, unlawfully, fraudulently, and maliciously done by and through the Defendant by reason of which the Plaintiff is entitled to punitive damages as well as attorneys' fees and costs.

39. Therefore, the Plaintiff has a claim against the Defendant as a result of his fraudulent conduct in an amount of not less than $150,000, plus punitive damages, and such amounts are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

### Count II: § 523 (a)(6) - Willful and Malicious Injury

40. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 39 as if re-alleged in full in this Count.

41. The acts of the Defendant alleged above and incorporated by reference herein, were done willfully, deliberately, intentionally, and with knowing disregard for the Plaintiff's rights and remedies.

42. The Defendant induced the Plaintiff to invest with him and was entrusted with $100,000 of funds from him.

43. Despite demand, the Defendant refused and/or failed to return the $100,000 in funds received from the Plaintiff.

44. The Defendant knowingly and without justification, wrongfully converted all or part of the Plaintiff's invested funds for his own personal use and benefit and for uses other than those to which the parties had agreed.

45. The Plaintiff has sustained losses in an amount not less than $100,000, plus punitive damages, as the approximate result of the Defendant's willful and malicious conduct.

46. The Defendant's conduct and actions were willfully, unlawfully, fraudulently, and maliciously done by and through the Defendant by reason of which the Plaintiff is entitled to punitive damages as well as attorneys' fees and costs.

47. Therefore, the Defendant is liable to the Plaintiff for all damages caused as a result of its unlawful conversion in a net amount of the not less than $150,000, plus punitive damages, and said judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

### Count III:  § 523(a)(3)(B) and § 105(a)

48. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 47 as if re-alleged in full in this Count.

49. As described herein, the Plaintiff was unable to timely commence dischargeability litigation due to the Defendant's use of a non-existent address for the Plaintiff in the Defendant's bankruptcy filing, notwithstanding the Defendant's knowledge that the Plaintiff never used the

listed address and notwithstanding the Defendant's knowledge that notice could easily have been provided to Plaintiff through Attorney Tomlin.

50. Section 523(a)(3)(B) of the Bankruptcy Code provides that a debt is non-dischargeable if the debt was of the kind specified in section 523(a)(2), (a)(4), or (a)(6), and was not scheduled in time for the creditor to seek a timely dischargeability determination.[4]

51. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

52. The foregoing facts give rise to a finding of non-dischargeability under sections 523(a)(3)(B) and 105(a) of the Bankruptcy Code.

---

[4] See, e.g., In re Padilla, 84 BR 194 (Bankr. D. Colo. 1987)

WHEREFORE, Marc Bougie requests that this Court enter an Order declaring that there is a non-dischargeable debt of the Defendant for the claim of Marc Bougie against the Defendant in an amount of not less than $150,000, along with punitive damages, costs, and attorneys' fees and granting such other and further relief as may be just and appropriate.

By: /s/ David K. Spiro                                                    Dated: 10/7/14
         Counsel
David K. Spiro (VSB No. 28152)
Rachel A. Greenleaf (VSB No. 83938)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
E-mail: dspiro@hf-law.com
rgreenleaf@hf-law.com
*Counsel for Marc Bougie*

6129911-1  040151.00001